**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**IN RE MICHAEL RAJIRI EL-JABAZWE**

Petitioner

Case No. 14-mc-51004
Hon. Gerald E. Rosen

_____/

## OPINION AND ORDER DISMISSING MATTER

Petitioner Michael Rajiri El-Jabazwe has commenced this miscellaneous action to "change his family name from 'El-Jabazwe' to 'El-Raneb.'" (Dkt. #1, at 1). He has done so in order to "reclaim one of his indigenous heritage group of family names and reclaim one of his title of nobility affixes pursuant to the 'Journal of the House of Representatives of the Commonwealth of Pennsylvania for the Session Begun at Harrisburg on the Third Day of January, 1933, Part IV, Resolution 75.'" (*Id.*). Having reviewed Petitioner's filing, the Court has determined that federal subject matter jurisdiction is lacking.

The federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have jurisdiction (1) over civil

actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and (2) over civil actions between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction").  Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.  *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).  Additionally, Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if, at any time, it determines it lacks subject matter jurisdiction over the action.  *See* Fed. R. Civ. P. 12(h)(3).

Here, Petitioner neither raises a federal cause of action nor asserts a state cause of action involving diverse parties that exceeds $75,000.  This Court therefore lacks subject matter jurisdiction.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that this matter is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  August 12, 2014                    s/Gerald E. Rosen
                                           Chief, Judge, United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135